IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MANSOOR KHAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNUM GROUP f/k/a UNUM PROVIDENT CORPORATION; PROVIDENT LIFE and ACCIDENT INSURANCE COMPANY,<br><br>　　　　Defendants. | CV 24-42-BLG-SPW-TJC<br><br>**ORDER** |

　　　　Pending before the Court are: (1) Defendants Provident Life and Accident Insurance Company and Unum Group's ("Defendants") Motion to Have Requests for Admissions Deemed Admitted and for Evidentiary Sanctions Under Rule 37(d) (Doc 40); (2) Defendants' Motion for Summary Judgment (Doc. 42); and (3) Plaintiff Mansoor Khan's ("Plaintiff") Motion to Enforce Pro Have Vice Order, Strike Improper Discovery Requests and Oppose Summary Judgment (Doc. 47). The motions are fully briefed and ripe for the Court's review.

　　　　Having considered the parties submissions, the Court finds Defendants' Motion to Have Requests for Admission Deemed Admitted and for Evidentiary Sanctions should be **GRANTED in part and DENIED in part without prejudice**, Defendants' Motion for Summary Judgment should be **DENIED with leave to refile**, and Plaintiff's Motion should be **DENIED**.

I.      **BACKGROUND**

On April 3, 2024, Plaintiff, proceeding pro se, filed this action alleging Defendants were improperly withdrawing premium payments from his checking account. (Doc. 1.)

On July 9, 2024, the Court granted Defendants' motion to allow attorney Jenny H. Wang to appear pro hac vice, with Eric M. Brooks to act as local counsel. (Doc. 12.)

Plaintiff filed an Amended Complaint on September 12, 2024, alleging damages of "$76,400 for withdrawing funds to pay for a policy that was not active," "$56,400 for damages related to the Unauthorized Charges," and "$50,480.20 for emotion and or mental distress." (Doc. 32.)

On September 26, 2024, following the Preliminary Pretrial Conference, the Court issued a Scheduling Order that required discovery be completed by April 25, 2025, and provided a motions deadline of May 23, 2025. (Doc. 35.)

On March 20, 2025, Defendants propounded Interrogatories, Requests for Production and Request for Admission to Plaintiff. (Doc. 41-1 at 3-8.) Plaintiff never responded to the discovery requests. (Doc. 41-1 at 2.) On April 25, 2025, Defendants' counsel wrote to Plaintiff and asked him whether he had ever served responses to the discovery requests. (*Id.*) Plaintiff did not respond to that communication. (*Id.*)

Thereafter, Defendants filed the instant motions. Defendants argue the Requests for Admission should deemed admitted, and Plaintiff should be precluded from offering any evidence relating to his claimed damages as an evidentiary sanction for failing to respond to Defendants' Interrogatories and Requests for Production. (Doc. 40.) Defendants have also filed a Motion for Summary Judgment. (Doc. 42.)

In response, Plaintiff filed a motion which asks the Court to "enforce" the Pro Hac Vice Order, to strike Defendants' discovery requests, and purports to oppose Defendants' Motion for Summary Judgment. (Doc. 47.)

## II.   DISCUSSION

### A.   Plaintiff's Motion to Enforce Pro Hac Vice Order and Strike Improper discovery Requests

Plaintiff's motion is based solely on his misguided belief that Defendants' discovery requests were not properly served because Ms. Wang did not personally sign them. Plaintiff's argument is wholly unfounded. Nothing in the Court's Order permitting Ms. Wang to appear pro hac vice required her personal signature on discovery requests. (Doc. 12.) Likewise, nothing in the Court's order, the Local Rules, or the Federal Rules of Civil Procedure prevent Mr. Brooks, as local counsel, from signing and serving discovery requests.

Further, Plaintiff's groundless objection was not timely raised. Plaintiff indicates he did not respond to Defendants' discovery requests because they were

not signed by Ms. Wang. Even if this were a proper basis for objection, Plaintiff was required to assert any objections within 30 days of receiving the discovery requests. Fed. R. Civ. P. 33(b)(2); 34(b)(2); 36(a)(3). Here, Plaintiff never served any objections prior to the filing of his motion. As such, his objections are waived. "It is well settled that 'failure to object to discovery requests within the time required constitutes a waiver of any objection.' Thus, 'if a party fails to file *timely* objections to discovery requests, such a failure constitutes a waiver of any objections which a party might have to the requests,' and 'the court will not consider any objections that were not asserted in the responding party's *original* discovery responses.'" *Wolff v. Tomahawk Manufacturing*, 689 F.Supp.3d 923, 953 (D. Or. 2023) (citing *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) and *Ramirez v. Cty. of Los Angeles*, 231 F.R.D. 407, 410 (C.D. Cal. 2005)).

Accordingly, Plaintiff's Motion to Enforce Pro Hac Vice Order, Strike Improper Discovery Requests, and Oppose Summary Judgment[1] is **DENIED**.

/ / /

/ / /

---

[1] Plaintiff's opposition to Defendants' Motion for Summary Judgment does not substantively address the motion. Rather, Plaintiff's sole ground for opposing summary judgment is that Defendants' discovery requests were not properly served because Ms. Wang did not sign them. Defendants' Motion for Summary Judgment is, therefore, essentially unopposed.

### B. Defendants' Motion to Deem Request for Admissions Admitted and for Evidentiary Sanctions under Rule 37(d)

As a result of Plaintiff's failure to timely respond to Defendants' written discovery requests, Defendants argue (1) the unanswered Request for Admissions should be deemed admitted, and (2) Plaintiff should be precluded from offering evidence in opposition to Defendants' pending Motion for Summary Judgment relating to his claimed damages, which was the subject of the unanswered Interrogatories and Requests for Production.

    a.    <u>Requests for Admissions</u>

Under Federal Rule of Civil Procedure 36(a)(3), if a party fails to answer or object to Request for Admissions within 30 days after being served, the requests are deemed admitted. Rule 36(a)(3) is self-executing upon the responding party's failure to timely respond. *F.T.C. v. Medicor LLC*, 217 F.Supp.2d 1048, 1053 (C.D. Cal. 2002) ("Failure to timely respond to requests for admissions results in automatic admission of the matters requested."). Although pro se litigants, like Plaintiff, are afforded some leniency in matters of pleadings and briefing, "they are nonetheless not excused from compliance with the rules of procedure." *In re Roque*, 2014 WL 351424 (B.A.P. 9th Cir. Jan. 31, 2024). Here, Plaintiff did not answer or otherwise object to Defendants' Requests for Admission within the time required by Rule 36. The Court, therefore, finds that the Requests for Admission are deemed admitted by operation of Rule 36(a)(3).

>    b.    Evidentiary Sanctions Under Rule 37 for Failure to Respond to Interrogatories and Requests for Production

Rule 37(d) provides that a party who fails to respond to Interrogatories or Requests for Production may be sanctioned in a number of ways, including by an order "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3), and (b)(2)(A)(ii). The appropriateness of a sanction is within the discretion of the Court. *Raygoza v. City of Fresno*, 297 F.R.D. 603, 606 (E.D. Cal. 2014).

There is no question that Plaintiff has not complied with his discovery obligations, and his failure to respond to Defendants' written discovery is unacceptable. Further, he has made no attempt to show why his lack of compliance should be excused other than to raise an untimely, ill-conceived objection to Ms. Wang's conduct as pro hac vice counsel. Nevertheless, the evidentiary sanction requested by Defendants could effectively dispose of Plaintiff's case. "Generally speaking, where the requested sanction is tantamount to dismissal, the district court should evaluate whether the 'harshest sanction of dismissal' is warranted." *Am. Prop. Constr. Co. v. Sprenger Land Found.*, 274 F.R.D. 1, 10 (D. D.C. 2011). *See also Raygoza*, 297 F.R.D. at 607. This is particularly true where, as here, the plaintiff is proceeding pro se. *See e.g. Oklahoma Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139

(10th Cir. 1994) ("When imposing discovery sanctions against a pro se litigant, the court should carefully consider whether some sanctions short of dismissal is appropriate so that the litigant does not unknowingly lose his right of access to the courts because of a technical violation.").

Here, the Court finds the requested evidentiary sanction would be overly harsh at this time. Rather than impose essentially a terminating sanction, the Court will order Plaintiff to promptly and fully respond to Defendants' Interrogatories and Requests for Production. Plaintiff's responses shall be made without objection. "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). Because Plaintiff failed to timely object to the Interrogatories and Requests for Production, all objections have been deemed waived, and Plaintiff must provide full responses to the discovery requests. Plaintiff is warned that if he fails to comply, more severe sanctions, including monetary sanctions and/or dismissal of this action, may be imposed. Fed. R. Civ. P. 37(b)(2).

Accordingly, Defendants' Motion to Have Requests for Admissions Deemed Admitted is **GRANTED**, and for Evidentiary Sanctions Under F.R.C.P. 37(d) is **DENIED without prejudice**.

/ / /

### C. Defendants' Motion for Summary Judgment

Defendants' Motion for Summary Judgment is grounded in large part on the Requests for Admission being deemed admitted and the Court's entry of an evidentiary sanction concerning Plaintiff's damages. But in light of the Court's determination that Plaintiff should be given a limited opportunity to respond to the Interrogatories and Requests for Production, the Court finds Defendants' Motion for Summary Judgment should be **DENIED without prejudice, and with leave to renew**. Defendants may file a renewed Motion for Summary Judgment, if appropriate, within the time set forth below.

### III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion to Enforce Pro Have Vice Order, Strike Improper Discovery Requests and Oppose Summary Judgment (Doc. 47) is **DENIED**.

2. Defendants' Motion to Have Requests for Admissions Deemed Admitted and for Evidentiary Sanctions Under Rule 37(d) (Doc 40) is **GRANTED in part and DENIED in part without prejudice**. The unanswered Requests for Admission are deemed admitted. Defendants' request for evidentiary sanctions under Rule 37(d) is denied, without prejudice.

2. Plaintiff shall respond to Defendants' Interrogatories and Requests for Production, without objection, by **November 21, 2025**.

   3. Defendants' Motion for Summary Judgment (Doc. 42) is **DENIED without prejudice, and with leave to renew**.

   4. If Defendants wish to file a renewed Motion for Summary Judgment, the motion shall be filed by **December 19, 2025**.

   DATED this 31st day of October, 2025.

             _____
             TIMOTHY J. CAVAN
             United States Magistrate Judge