IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MANSOOR KHAN,<br><br>Plaintiff,<br><br>vs.<br><br>UNUM GROUP f/k/a UNUM PROVIDENT CORPORATION; PROVIDENT LIFE and ACCIDENT INSURANCE COMPANY,<br><br>Defendants. | CV 24-42-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Pending before the Court is Defendants Provident Life and Accident Insurance Company ("Provident") and Unum Group's ("Unum") (collectively "Defendants") Renewed Motion for Summary Judgment.  (Doc. 56.)  Plaintiff did not respond to the motion, and the time for doing so has now expired.  Thus, the motion is unopposed and is ripe for the Court's review.

The Court finds Defendants' Renewed Motion for Summary Judgment should be **GRANTED in part** and Plaintiff be **partially GRANTED** summary judgement sua sponte.

/ / /

/ / /

/ / /

1

## I.    BACKGROUND[1]

Plaintiff was insured under an Individual Disability Income Policy issued by Provident.  (Doc. 46-1 at 4.)  On October 23, 2023, Plaintiff entered into a confidential Settlement Agreement and Release with Provident and its affiliates, including Unum.  (Doc. 46 ¶ 1.)  Under the terms of the Settlement Agreement, Plaintiff agreed to release all claims against Provident that existed prior to the date of the Settlement Agreement arising out of, or in any way related to the policy. (*Id.* at ¶ 2.)  Under the terms of the Settlement Agreement, coverage under the Policy was canceled and considered no longer in force.  (*Id.* at ¶ 3.)

At the time the Settlement Agreement was entered into, Defendants had been automatically deducting monthly premiums for the policy from Plaintiff's bank account, pursuant to his authorization.  (*Id.* at ¶ 4.)  After the Settlement Agreement, Defendants inadvertently failed to stop the automatic premium deductions.  As a result, the automatic deductions continued as if the policy remained in force from November 1, 2023 to May 9, 2024, with the last premium deduction having been taken on April 5, 2024.  (*Id.* at ¶ 5.)  In total, Defendants admit they inadvertently deducted $648.27 from Plaintiff's bank account after the Settlement Agreement.  (*Id.* at ¶ 6.)

---

[1] Because Plaintiff has not filed a Statement of Disputed facts, the facts set forth in Defendants' Statement of Undisputed Facts (Doc. 46) are deemed admitted pursuant to Local Rule 56.1(d).

On April 3, 2024, Plaintiff, proceeding pro se and in forma pauperis, filed this action alleging Defendants were improperly withdrawing premium payments from his checking account.  (Doc. 1.)  On May 24, 2024, the Court granted Plaintiff's motion to proceed in forma pauperis, and found the Complaint should be served on Defendants.  (Doc. 6.)  However, Plaintiff had not provided an appropriate address for service on Defendants.  The Court, therefore, directed Plaintiff to file a notice with the required information.  (*Id.*)

Plaintiff provided the Court with Defendants' address on May 28, 2024, and the following day, the Court ordered the Complaint be served on Defendants. (Docs. 8, 9.)  Defendants returned the executed waiver of service on June 6, 2024. (Doc. 10.)

In the meantime, Defendants state that immediately after discovering their error, on or about April 8, 2024, they ceased the automatic deductions and mailed Plaintiff a check for $648.27 to the last address of record they had on file for Plaintiff in Clarksville, Tennessee.  (Doc. 46 at ¶ 7.)

Defendants subsequently learned that Plaintiff had moved to Billings, Montana.  (*Id.* at ¶ 8.)  Therefore, on April 25, 2024, Defendants resent Plaintiff the $648.27 check to his Billings, Montana address.  (*Id.* at ¶ 9.)  The check was returned to sender with a note that it was "Refused by recipient M. Khan."  (*Id.*) at ¶ 10.)

In May 2024, Defendants' counsel again sent the check to Plaintiff in Billings, Montana, and again it was returned to sender. (*Id.* at ¶ 11.) Defendants represent that they remain ready and willing to re-tender the check to Plaintiff if and when he agrees to accept it. (*Id.* at ¶ 13.)

On September 12, 2024, Plaintiff filed an Amended Complaint alleging Defendants negligently deducted premiums from his account. (Doc. 32.) Plaintiff alleged damages of "$76,400 for withdrawing funds to pay for a policy that was not active," "$56,400 for damages related to the Unauthorized Charges," and "$50,480.20 for emotion and or mental distress." (Doc. 32 at 2-3.)

On March 20, 2025, Defendants propounded Interrogatories, Requests for Production and Request for Admission to Plaintiff. (Doc. 41-1 at 3-8.) Defendants asked Plaintiff to state every fact and identify every item of damages supporting his allegations. Defendants also asked Plaintiff to produce all documents reflecting or evidencing every item of damages he claims to have suffered. (*Id.*) Plaintiff never responded to the discovery requests. (Doc. 41-1 at 2.)

On April 25, 2025, Defendants' counsel wrote to Plaintiff and asked him whether he had ever served responses to the discovery requests. (*Id.*) Plaintiff did not respond to that communication. (*Id.*)

Therefore, on May 22, 2025, Defendants filed a motion to have the unanswered Requests for Admission deemed admitted, and for evidentiary

sanctions precluding Plaintiff from offering any evidence relating to his claimed damages for failing to respond to Defendants' Interrogatories and Requests for Production. (Doc. 40.) Defendants also filed a Motion for Summary Judgment. (Doc. 42.) In response, Plaintiff filed a "Motion to Enforce Pro Hac Vice Order, Strike Improper Discovery Requests, and Oppose Summary Judgment." (Doc. 47.)

On October 31, 2025, the Court issued an Order addressing the parties' motions. (Doc. 52.) First, the Court denied Plaintiff's motion. (*Id.* at 3-4.) The Court found the motion was wholly unfounded as it was based solely on Plaintiff's misguided belief that Defendants' discovery requests were not properly served because pro hac vice counsel, Jenny H. Wang, did not personally sign them. (*Id.*) The Court further noted that Plaintiff failed to timely object to the discovery requests. (*Id.*) As a result, the Court determined Plaintiff had waived all objections to the unanswered discovery. (*Id.*) The Court also noted that Plaintiff did not address the substance of Defendants' Motion for Summary Judgment, and therefore, the motion was essentially unopposed. (*Id.*)

Next, the Court turned to Defendants' motions. (*Id.* at 5-8.) The Court ruled Defendants' Requests for Admissions were deemed admitted by operation of law. (*Id.* at 5.) The Court, however, declined Defendants' request for evidentiary sanctions relating to the unanswered Interrogatories and Requests for Production, finding it would be tantamount to a terminating sanction, which was premature

5

given Plaintiff's pro se status.  (*Id.* at 6-7.)  Instead, the Court ordered Plaintiff to "fully respond to Defendants' Interrogatories and Requests for Production" by November 21, 2025.  (*Id.* at 7-8.)  Plaintiff was warned that failure to comply may result in monetary sanctions and/or dismissal of this action.  (*Id.* at 7.)  In light of the Court's determination that Plaintiff should be given an opportunity to respond to the outstanding discovery, the Court denied Defendants' summary judgment motion without prejudice, and with leave to renew.  (*Id.* at 8.)

Plaintiff did not respond to the Interrogatories or Requests for Production by the deadline.  But three days later, on November 24, 2025, Plaintiff filed an Emergency Motion for Extension of Time to Comply with Discovery Order and for Relief from Sanctions, and attached his discovery responses to the motion. (Doc. 54.)  The Court granted the motion, which rendered the discovery responses timely.  (Docs. 54, 55.)

In the discovery responses, Plaintiff responded only generally to the Interrogatories and Requests for Production, and indicated that he was either still determining the requested information, calculating the requested information, compiling the documentation, or seeking responsive information from others. (Doc. 54-3.)  Plaintiff, therefore, did not fully respond to the requests relating to his damages.  He indicated that he would supplement his responses and produce all responsive documents within 30 days.  (*Id.*)  Defendants state that Plaintiff has

never produced a single document.

On December 16, 2025, Defendants filed the instant renewed Motion for Summary Judgment.  (Doc. 56.)  To date, Plaintiff has failed to file a response. Defendants' motion is, therefore, unopposed.

The Court held a hearing on Defendants' Renewed Motion for Summary Judgment on May 19, 2026.  In setting the hearing, the Court advised the parties to be prepared to discuss whether summary judgment should be granted in favor of Plaintiff in the amount of undisputed damages of $648.27 pursuant to Federal Rule of Civil Procedure 56(f).

Plaintiff did not appear for the hearing.  Counsel for Defendants stated they had no objection to the Court entering judgment in favor of Plaintiff in the amount of $648.27 pursuant to Rule 56(f).

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate under Rule 56(c) where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.  If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any

material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). When making this determination, the Court must view all inferences drawn from the underlying facts in the light most favorable to the non-moving party. *See Matsushita*, 475 U.S. at 587.

District courts may not grant summary judgment "simply because no papers opposing the motion are filed or served." *Cristobal v. Siegel*, 26 F.3d 1488, 1491 (9th Cir. 1994). Rather, the Court is obligated to "carefully evaluate[] the moving papers" to determine whether genuine issues of material facts exist that would preclude summary judgment. *Id.* at 1495, n.4. Thus, even in the absence of a response, the burden remains with the moving party to demonstrate it is entitled to judgment as a matter of law. *Id.* "Nonetheless, a court can grant an unopposed summary judgment motion if the movant's papers do not reveal a genuine issue of material fact, and are themselves sufficient to warrant summary judgment." *Winters v. Country Home Products*, 654 F.Supp.2d 1173, 1179 (D. Mont. 2009).

Rule 56(f) permits a court to enter summary judgment sua sponte in favor of a nonmovant, so long as the movant has been given "notice and a reasonable time to respond." Fed. R. Civ. P. 56(f)(1). S*ee also Celotex Corp. v. Catrett,* 477 U.S. 317, 326 (noting "district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*" under Rule 56); *Gospel Missions of Am. v. City of Los Angeles,* 328 F.3d 548, 553 (9th Cir. 2003). "In doing so, the Court

applies the usual summary judgment standards, resolving all ambiguities and drawing all factual inference in the target party's favor." *Am. Nat. Prop. & Cas. Co. v. Camp*, 2014 WL 1223672, *2 (D. Mont. Mar. 24, 2014).

## III.    DISCUSSION

Defendants argue summary judgment is appropriate because Plaintiff has no actionable claim against them for any acts or omissions prior to the October 23, 2023 Settlement Agreement.  Defendants further argue Plaintiff has failed to produce any evidence of his claimed damages, and thus, they are entitled to summary judgment because Plaintiff cannot prove an essential element of his claims.

First, it does not appear to the Court that Plaintiff's claim is based on any act or omission occurring prior to the October 23, 2023 Settlement Agreement.  All of Plaintiff's allegations related to events that occurred after the Settlement Agreement was reached.  Indeed, that is the very essence of Plaintiff's claim, that Defendants continued to withdraw premiums from his account *after* the parties had agreed the insurance policy would be cancelled.  Nevertheless, to the extent Plaintiff's Amended Complaint could be construed as stating such a claim, the Court finds it would be precluded by the plain terms of the Settlement Agreement, which released Defendants from any and all claims asserted or assertable at any

time prior to the date of the agreement.[2]  (*See* Doc. 46-1 at 4-5.)

Turning to the claims that Plaintiff actually asserts, which could be construed as sounding in either negligence or breach of contract[3], the Court finds, Plaintiff is entitled to summary judgment on his undisputed damages of $648.27, and Defendants are entitled to summary judgment in all other regards.

"Where discovery has been completed, summary judgment is appropriate when a party challenged by motion fails to offer evidence supporting an element of a claim on which that party bears the burden of proof at trial." *Weinberg v. Whatcom County*, 241 F.3d 746, 751 (9th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986)).  The Ninth Circuit has explained that a plaintiff must "provide evidence such that the jury is not left to speculation or guesswork in determining the amount of damages to award." *Id.* (citing *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 808 (9th Cir. 1988).  Thus, summary

---

[2] By operation of Federal Rule of Civil Procedure 36(b), Plaintiff has also been deemed to admit that pursuant to the terms of the Settlement Agreement, he cannot state a claim upon which relief can be granted for any alleged acts or omissions by Defendants that occurred on or before October 23, 2023.  (*See* Doc. 41-1 at 7.)

[3] Plaintiff alleges that "[a] policy that was entered into with the Defendant's, was not closed as alleged in a contractual agreement signed with the Defendants counsel." (Doc. 32 at ¶ 4.)  In light of the parties' prior Settlement Agreement that the policy was cancelled and no further premiums would be collected, Plaintiff's Amended Complaint could be reasonably construed as asserting a breach of contract claim.  Plaintiff also alleges that "[t]he Defendants negligently deducted from an account, consisting of Social Security Disability Income." (*Id.*)  From this, it could be reasonably construed that Plaintiff is asserting a negligence claim.

judgment is proper where the plaintiff has "no expert witnesses or designated documents providing competent evidence from which a jury could fairly estimate damages." *Id.*

Proof of damages is an essential element of claims for both negligence and breach of contract. *See Potovsky v. Lincoln Benefit Life Co.*, 2024 WL 5289187, * 2 (9th Cir. Jan. 7, 2025) ("A breach of contract is not actionable without damage."); *Weinberg*, 241 F.3d at 751-52 (noting proof of damages is required for negligence claims). Here, Plaintiff seeks substantial economic and non-economic damages, but there is no evidence to substantiate any of them beyond the $648.27 that Defendants have already attempted to return to him and agree he is owed.[4]

In his discovery responses, Plaintiff broadly identified his economic damages as "Unauthorized Premium Withdrawals," "Postage/Communication Costs," "Bank Fees/Overdraft Charges," "Costs to Retrieve Records," and "Travel Costs for Hearings." (Doc. 54-3 at 4-5.) But aside from the undisputed amount of $648.27 in unauthorized premium withdrawals, Plaintiff failed to produce any evidence of his other alleged economic damages. It is not enough for Plaintiff to assert that at some future point he will get around to calculating his damages and

---

[4] By operation of Federal Rule of Civil Procedure 36(b), Plaintiff has been deemed to admit that the sum total of all premiums Defendants inadvertently deducted from his account after October 23, 2023 equaled $648.27, that Defendant tendered a check for a full refund of that amount to Plaintiff. (*See* Doc. 41-1 at 7-8.)

11

providing evidence of them.  *See Pacesetter Consulting, LLC v. Kapreilian*, 2021 WL 3168471, *14 (D. Ariz. July 27, 2021).   Plaintiff's discovery responses are, therefore, insufficient to meet his burden to put forth evidence of economic damages.  Because Plaintiff has failed to offer any other evidence from which a factfinder could estimate his claims for damages beyond the $648.27, there is no genuine issue of material fact about the amount of his economic damages.

Plaintiff also identified non-economic, emotional distress damages in his discovery responses.  Emotional distress damages, however, are not recoverable on a breach of contract claim unless the action involves actual physical injury to the plaintiff.  *See Contreraz v. Michelotti-Sawyers*, 896 P.2d 1118, 1123 (Mont. 1995) (holding the plaintiffs "may not recover for emotional distress in a pure contract claim"); Mont. Code Ann. § 27-1-310 ("In an action for breach of an obligation or duty arising from contract, recovery is prohibited for emotional or mental distress, except in those actions involving actual physical injury to the plaintiff.").  Here, Plaintiff does not allege any actual physical injury.  Therefore, to the extent his claim is construed as a breach of contract claim, emotional distress damages are precluded by Montana law.  Likewise emotional distress damages are not recoverable for negligence claims where, as here, the underlying harm is related to personal property.  *See Childress v. Costco Wholesale Corp.*, 493 P.3d 314, 316-18 (Mont. 2021).  As a result, Plaintiff cannot recover his claimed emotional distress

damages in this case as a matter of law.

Because Defendants do not dispute that Plaintiff is entitled to the return of the $648.27, summary judgment should be partially granted in Plaintiff's favor in that amount.  Defendants, however, are entitled to summary judgment as to Plaintiff's additional claims for damages.

## IV.    CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1.    Summary Judgment be **partially GRANTED** in favor of Plaintiff in the amount of $648.27, and

2.    Defendants' Renewed Motion for Summary Judgment (Doc. 56) be **GRANTED in all other respects**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 20th day of May, 2026.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge

13